IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TARA DUNLAP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 19-2153-CFC |
| | ) | Justice of the Peace Court of the State |
| SANTANDER CONSUMER | ) | of the State of Delaware in and for |
| USA LLC, | ) | New Castle County |
| | ) | C.A. No. JP13-19-004565 |
| Defendant. | ) | |

Tara Dunlap, Elkton, Maryland, Pro se Plaintiff.

Jarrett P. Hitchings, Esquire, Duane Morris LLP, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

October 14, 2021
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

Plaintiff Tara Dunlap, who appears *pro se*, filed this action on April 1, 2019, in the Justice of the Peace Court of the State of Delaware in and for New Castle County, C.A. No. JP13-19-004565. (D.I. 1-1) Defendant removed the matter to this Court on November 18, 2019. (D.I. 1) Currently pending is Defendant Santander Consumer USA Inc.'s motion to dismiss, opposed by Plaintiff. (D.I. 10, 11, 12) For the reasons discussed below, Defendant's motion to dismiss will be denied as moot and the case will be remanded to the Justice of the Peace Court.

**I.   BACKGROUND**

The following facts are taken from the Complaint and assumed to be true for purposes of deciding the pending motion. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). When Plaintiff commenced this case, she provided a Pennsylvania address for herself and a Texas address for Defendant. (D.I. 1-1 at 2) She has since relocated to Delaware. (*See* D.I. 15)

Plaintiff refers to this matter as a "debt action." (D.I. 1-1 at 2) Plaintiff alleges that she purchased a vehicle (Plaintiff does not say where) and that Defendant was her financing company for the loan. (*Id*.) Plaintiff explains

1

that Defendant recently closed her account and reported it to the credit bureau as a "charge off" since, according to Defendant's calculations, Plaintiff still owes Defendant on the debt. (D.I. 1-1 at 3) Plaintiff does not agree with the calculations. (*Id.*) She seeks possession, a clean title, information removed from credit reports, and the debt reported as paid. (D.I. 1-1 at 2-3) Attached to the Complaint is a March 14, 2019 memo from Defendant to Jerald Allen that states, "this is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector."[1] (*Id.* at 4) For relief Plaintiff seeks $4,448.93 in damages, a clean title, and the charge off removed from her credit report.

    Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (D.I. 10, 11) Plaintiff opposes. (D.I. 12)

**II.    LEGAL STANDARDS**

    A district court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Jurisdiction by reason of diversity exists over "all civil actions where

---

[1] Jerald Allen is not a party to this action and the Complaint does not explain why this letter was attached to it.

the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

Subsection (a) of 28 U.S.C. § 1441 provides that a defendant may remove a state-court civil action to the appropriate federal district court if the district court has "original jurisdiction" over the matter. A cause of action "arises under" federal law, and removal is proper, when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 353 (3d Cir. 1995).

"It is settled that the removal statutes [28 U.S.C. §§ 1441-1452] are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). When ruling on whether remand based on improper removal is warranted, the district court is to take as true all factual allegations in the complaint at the time the petition for removal was filed. *Id.* The removing party has the burden to show the "existence and continuance of federal [subject matter] jurisdiction," *Steel Valley Auth.*, 809 F.2d at 1010, and "carries the burden of proving that removal is proper." *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A district court may remand a matter *sua sponte* for lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Scott v. New York Admin. For Children's Services*, 678 F. App'x 56, 57 (3d Cir. 2017) ("Because it never had subject matter jurisdiction over the removed proceedings, the District Court was obligated to remand, *sua sponte* on that basis.").

### III.   DISCUSSION

Defendant, the removing party, has failed to meet its burden to prove that this case is properly before this Court. Defendant alleges that the Complaint is deficiently pled and that it fails to state a claim upon which relief may be granted. In seeking dismissal, it argues that "[a]lthough far from clear, the Complaint seemingly attempts to raise claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*." and that "the Complaint purports to aver a claim under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.". (D.I. 11 at 4, 5)

I agree that the claims are deficiently pled. The dearth of facts makes it impossible to discern under what theory Plaintiff proceeds. Plaintiff does not refer to one federal statute in the Complaint, and Defendant acknowledges this

4

when it states that "although far from clear the Complaint *seemingly* attempts to assert a [federal] claim" and "the Complaint *purports* to aver a [federal] claim." (D.I. 11 at 4-5)   As discussed above, a cause of action arises under federal law, and removal is proper, when a federal question is presented on the face of the plaintiff's properly pleaded complaint.   Even when liberally construing this *pro se* complaint, it fails to state a federal claim.   The Complaint does not raise a federal question for jurisdiction to vest under 28 U.S.C. § 1331.

Nor is there jurisdiction under 28 U.S.C. § 1332.   As pled the parties have diversity of citizenship.   The amount in controversy, however, is $4,448.93, far short of the required $75,000.   Therefore, jurisdiction does not vest under § 1332

According, the Court concludes that it does not have subject matter jurisdiction.

## IV. CONCLUSION

For the reasons discussed above, the Court will: (1) deny as moot Defendant's motion to dismiss (D.I. 10); and (2) *sua sponte* remand the matter to the Justice of the Peace Court of the State of Delaware in and for New Castle County.

An appropriate order will be entered.